Good morning, Your Honors. My name is Juliet Tapascio-Sarmiento, Counsel for Petitioner Moises Avila Carrasco. In all the petitioning documents, we refer to him as Avila Carrasco, but his name is Mr. Avila, and that's how I will refer to him. And if time permits, I would like to reserve time for rebuttal. May it please the Court. Excuse me. Should there be a hyphen between Avila and Carrasco then on the docket sheet? Yes, there should be. All right. And then I assume that's the way it ought to be on the disposition as well. All right. Yes, Your Honor. Thank you. In this case, the BIA denied Mr. Avila's motion to reopen on the ground that he failed to establish that ineffective assistance of counsel caused him to present insufficient evidence in support of his application for cancellation of removal. The issue is whether the BIA abused its discretion in denying Mr. Avila's motion to reopen. My response is in the affirmative in this case as the BIA acted arbitrarily, irrationally, and contrary to law in not properly considering all the relevant factors before ruling, in not considering the cumulative effect of the factors it did consider, and in not providing a reasoned explanation for its decision. The evidence provided with the motion to reopen was new evidence that was not available and could not have been presented at the former hearing. I couldn't quite see what new evidence really mattered. Even with all the new evidence, it looked like the hardship was no greater than if the parents moved from San Francisco to Bismarck, North Dakota, or for that matter, Fairbanks, Alaska, which isn't much hardship. There's nothing extreme and extraordinary about it. Well, as you know, Your Honor, the board did not even consider the hardship. Oh, we don't even have jurisdiction to consider the hardship, and they didn't have to get to it on the motion to reopen. But my question goes to was there anything that the lawyer did not present that could have been presented that might have made a difference, and I couldn't see it. Well, I think she could have made sure that at least the affidavits would have been submitted. The parent, especially the mother, was present to test. Affidavits matter. The affidavit of the parent was not submitted at the hearing before the judge. In fact, the mother was not even asked to appear, though she was available. Mr. Avila knew she was available and would have brought her. What did she have to say that mattered? She would have been able to testify as to her serious medical conditions that needed treatment in the United States that were not available for treatment or similar treatment could not be available. That gets to my question about what if instead of moving to Mexico they were moving to Fairbanks? They would get treatment in Fairbanks. They could get here. They could get that anywhere in the United States that they couldn't get in Mexico. I have to go to Seattle for some of my medical appointments. That's fine. That's not a hardship for them. There's another place in the United States, but Mexico is a different country. The treatments available and the health conditions and the kind of practitioners available are not the same as in the United States, and we know that. What is the evidence in the record about the medical availability? That was not brought out because the attorney did not ask Mr. Avila to bring that documentation. Garden variety malpractice case. The lawyer didn't do his job or her job. As well as any other attorney should have and was not vigilant in protecting her client's rights. That's what this attorney did not do. We have conflicting reports, do we not? We have the account of the attorney. We also have Mr. Avila's account. And as you know, on the decision of the BIA, all they credited was the attorney's statement and totally disregarded Mr. Avila. What about this passage? What about this passage? Based on our review of the record, including former counsel's affidavit, in other words, the record including that affidavit but everything else. Well, that's my very point. I believe that the respondent has not established that the deficiencies in the record were due to the representation he received from counsel. I believe that that is just a conclusory statement that did not articulate very well what their decision was. You can't assume that they considered the factors that Mr. Avila raised in his affidavits, his various affidavits, to the State Bar as well as to the court itself, because if it's not articulated, this court can't assume that they considered it. Are you saying that we should assume that they didn't read anything that they don't talk about? Well, that's what the Ninth Circuit... They did not read the record even though they say they read the record? We should assume they only read what they talked about expressly? Expressly because it says in Jianhong Eng v. INS that the BIA's denial of a relief can only be affirmed based on articulated statements in its decision, and the Ninth Circuit court cannot assume that BIA considered the factors that it failed to mention in its decision. It didn't mention anything about what Mr. Avila said. The decision specifically cited in its whole paragraph only to what it believed former counsel said, and as far as he said, she said, we have no way of knowing if they fairly and properly weighed all the considerations, including Mr. Avila's various statements. It's her burden to establish the ineffectiveness, right? No, it's our burden to establish the ineffectiveness. We did whatever we were required to under the Lizada. You said no when I asked you if it was your burden, but then you said it is your burden. Oh, no, excuse me, I thought you meant it was her burden. No, it is our burden to show an effective assistance of counsel, and we believe that we did. Why don't you reserve the rest of your time unless you have anything further? Well, the only other thing that I wanted to state is that because there are factual disputes between what Mr. Avila said and what former counsel said, that it's a he said, she said thing, and unless it's very well articulated as to how they weighed it, the BIA in this decision relied wholly and solely on what she said she said she did, and we don't know that that, in fact, is what happened. I wasn't there. We were not there, and the only thing we have is their statements. Thank you. Thank you. We'll hear from the BIA. May it please the Court. John Yunshai on behalf of the United States Attorney General. Your Honors, this appeal, this petition for review actually has two appeals within it, the first of which is an appeal of a cancellation of removal decision by the Board, which this Court knows does not have jurisdiction to review, and that's clearly provided for by the statute, 8 U.S.C. 1252,  B.I., as well as this Court's decision in Romero-Torres v. Ashcroft. Now, as to the other matter, the motion to reopen, I think it's important for the Board, for the Court rather, to understand that the Board decided this case not on the balancing of the hardships or the equities, and Petitioner's counsel wants us in a way. They did. This would be, they probably would have come out the other way. This is a very tough case, isn't it, on the fact? Well, it is a tough case, Your Honor, that's right, but they didn't have to in this case, and as far as the balancing of the equities there, ultimately, the Court found that the factors that weighed against the granting of cancellation or removal, those equities that went against the case outweighed the other ones, but again, they did not find it on that factor. Really, all the Board had to decide was whether or not counsel was ineffective in this case, and that specifically came down to one issue, whether or not the evidence that Petitioner now wants to bring before the Board was material and available at that time that Petitioner could have presented to the immigration judge. And the Board clearly finds that they don't have to balance any equities here. The Court finds that there are two inconsistent statements, affidavits here. They gave greater weight to the affidavit of Petitioner's counsel, and rightfully so. It's not just the he said, she said factor here. What we have is an affidavit by former counsel that actually is in some ways supported by the record. Petitioner's counsel, former counsel I should say, states that despite Petitioner's affidavit where he says I gave my former counsel the cancellation or removal application that was incorrect, she filed it incorrectly. Former counsel states in her affidavit that's impossible because that application was filed before I even got it. And the record at page 151 to 158 has that date and time stamp of September 1999. She was retained in February of 2000. As to any correction of errors on that record, which Petitioner states in his affidavit she did not correct, she did in fact correct that record in open court before the immigration judge. And it's clearly indicated that you can review the record at 897 to 890. I'm sorry, it starts at 897 in the record. Counsel makes those changes in open court. As to whether or not specifically if she asked Petitioner to bring witnesses and documents, she says I gave him a witness list. Actually, I gave him a list of documents to bring. Petitioner says that she didn't do that. But as Petitioner's former counsel appropriately points out, she in fact submitted three documents a couple days prior to the hearing that Petitioner did bring to her, and that's all that he brought. So when you weigh the two affidavits, as the Board did, and properly so, it was appropriate for them to find that the burden had not been met in establishing that ineffective assistance of counsel resulted in this person's failure to file the request. What about Ms. Sarmiento's argument that there was no articulation of reasons here? Well, Your Honor, that I think goes more so to an analysis when you're balancing the equities. They articulate their decision. It was a very finite issue. I think what Ms. Sarmiento wants the court, and as she stated in her opening brief, to do is to get into the nitty-gritty of the equities and to analyze whether or not this document would have made a difference or that document made a difference. That's really not before the court. The issue is whether or not it was his fault, I guess you could say, or Petitioner's counsel's fault that these documents were not submitted when they were available. That's very clear. The Board found on that ground alone, and that's all they needed to find, and they articulated that and also stated, moreover, that, and they cited Ortiz v. INS and Beboni v. INS for the proposition that Petitioner must show that the case was prejudiced by the ineffectiveness, and also stated because the new evidence was available at the time of the hearing, she doesn't qualify for reopening based on new evidence as provided for under 8 CFR 1003.2. So it's a very straightforward case. The issue is rather narrow compared to what Petitioner would want us to believe, and that's all that is really before the court. And the Board properly found it not abused its discretion, acted rationally in finding the way that it did. It sought two inconsistent statements before it. It gave greater weight to the one that was consistent with the record, and therefore the court really only has to find, as the Board did, and find that they properly balanced or made the decision on the record before it, and therefore the Board decision was proper. If there are no further questions, I thank the Court. Mr. Armando, anything further? Thank you. I would like to raise one last issue with regard to the BIA's failure to consider cumulative effects of the factors that it did consider in its decision. The Board knew, and it's obvious from the record, that this former counsel represented this client for two years. If he was uncooperative, unforthcoming, uncommunicative, and inflexible, she had the option to withdraw as counsel rather than to proceed with a case that she knew where the documentation was incomplete and the client was recalcitrant or that he was not properly prepared for trial. She did not give that option. She proceeded anyway. And I think that would constitute an ineffective assistance of counsel, which the BIA did not consider in its decision. All right. Thank you, counsel. The case just argued will be submitted for decision, and we will hear argument in another case. Now, let me see where we are with Singh v. Gonzalez. Is Mr. Bakri here? How about Mr. Sequenza? All right. Let's skip on to Wong v. Gonzalez, our counsel present. Good morning, Your Honors.
judges: Goodwin, O'scannlain, Kleinfeld